UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Louis Kwame Fosu

     v.                                    Case No. 25-cv-691-SJM-TLSM

Steven Richard, et al.

O R D E R


Plaintiff Louis Kwame Fosu, representing himself, brought this action against counsel and the law firm that represent defendants in Fosu's earlier-filed lawsuit, Fosu v. University of Rhode Island, et al., 21-cv-279-SJM-AKJ (filed D.R.I. July 2, 2021) ("URI Case"), in which Fosu challenges the termination of his employment at URI.  Here, Fosu brings state and federal claims, asserting that counsel in the URI Case engaged in misconduct and conspired with the originally assigned judge to have his complaint dismissed.  Doc. no. 1.  Defendants move to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. no. 5.  For the reasons that follow, Fosu's federal claims are dismissed, and the court declines to exercise supplemental jurisdiction over his state law claims.


Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the court considers "the underlying facts as alleged in the

complaint but disregard[s] any conclusory allegations." <u>Humana Inc. v. Biogen,Inc.</u>, 126 F.4th 94, 98 (1st Cir. 2025) (internal quotation marks omitted).  In addition to disregarding conclusory factual allegations, the court does not "accept a complainant's unsupported conclusions or interpretations of law" and does not "credit bald assertions or subjective characterizations" of the law or facts.[1]  <u>Wescott v. Stanfill</u>, 171 F.4th 534, 540 (1st Cir. 2026)(internal quotation marks omitted).

To state a claim, the complaint "should at least set forth minimal facts as to who did what to whom, when, where, and why." <u>Educadores Puertorriqueños en Acción v. Hernández</u>, 367 F.3d 61,

---

[1] For purposes of a Rule 12(b)(6) motion, the court is limited to the allegations in the complaint and may consider documents and other materials that are extrinsic to the complaint only under narrow exceptions, such as when the materials are central to the plaintiff's claim, are sufficiently referred to in the complaint, or their authenticity is not disputed. <u>García-Gesualdo</u> v. <u>Honeywell Aerospace of Puerto Rico, Inc.</u>, 135 F.4th 10, 13 (1st Cir. 2025); <u>Freeman v. Town of Hudson</u>, 714 F.3d 29, 36 (1st Cir. 2013).  If the court otherwise considers additional materials submitted by the parties, it must convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d).  Fosu recited the correct standard under Rule 12(b)(6) in his objection to the motion to dismiss (doc. no. 19, at 10) but also appended fourteen exhibits, which he has not shown would fall within the exception to the 12(b)(6) Rule.  He then attached six exhibits to his surreply (doc. no. 23), and again he did not show those exhibits would be excepted from Rule 12(b)(6)'s limitations.  Fosu's reply to defendants' objection to his motion for leave to file a surreply (doc. no. 24) also did not provide the necessary showing.  Fosu's exhibits cannot be and were not considered for purposes of the Rule 12(b)(6) motion.

68 (1st Cir. 2004).  Fraud claims must be alleged with particularity, meaning that, to survive dismissal, the plaintiff must allege specific facts to show the "who, what, where, and when of the allegedly false or fraudulent representation."  To allege mail or wire fraud, the plaintiff must "go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communications perpetrating that fraud." Humana, 126 F.4th at 101.

The court then considers the well-pleaded facts (if any) in the light most favorable to the plaintiff.  Wescott, 171 F.4th at 540.  The court also resolves reasonable inferences from the well-pleaded facts in the plaintiff's favor.  Id.  Using that factual basis, the court determines whether the plaintiff has alleged a claim for relief "that is plausible on its face." Hellman v. Mass. Dep't of Elementary & Secondary Educ., 171 F.4th 69, 78 (1st Cir. 2026) (internal quotation marks omitted). The standards under Rule 12(b)(6) and Rule 9(b) apply here, despite the typically lenient approach applied to pro se pleadings.  See Hansen v. Homesite Ins. Co. of the Midwest, No. 24-CV-00278-JAW, 2025 WL 1865957, at *10 (D. Me. July 7, 2025); Merchia v. Pascack VA Grp., LLC, No. 20-CV-40100-IT, 2023 WL 2333504, at *4 (D. Mass. Mar. 2, 2023).

3

Background

Fosu alleges that he was a "Professor of Practice at the University of Rhode Island ("URI") and Education Director of the Diversity Think Tank ("DTT")."  Doc. no. 1, at 4.  He alleges that he was hired by URI in December of 2018 and was terminated in 2021.  He alleges that he

> was wrongfully terminated without due process after protected whistleblowing to expose corrupt DEI practices embedded in fraudulent employment practices at URI that were unconstitutional, anti-meritocratic, viewpoint-discriminatory, retaliatory, and pretextual, and that contributed to a hostile work environment and race discrimination at URI—targeting highly qualified Black and Brown employees who sought merit-based advancement and spoke out against these corrupt employment policies.

Id.

Fosu, then represented by counsel, filed a civil rights suit against URI, the Board of Trustees, the President, the Provost and Vice President, and the Dean of the College of Arts and Sciences on July 2, 2021.  Fosu v. URI, et. al., 21-cv-279. The court granted defendants' motion to dismiss Fosu's due process claim, his claims under the Rhode Island Constitution, and his breach of contract claim.  Id., doc. no. 15.  Fosu filed an amended complaint.  Id., doc. no. 36.  His legal counsel then withdrew from representing him, and Fosu proceeded pro se.  Id., doc. nos. 39, 41, & End. Ors. Nov. 1 & 3, 2023.  Fosu then filed a string of motions that the court denied, noting that the

4

"motions not only request no proper court relief, but they are also scurrilous and inaccurately describe defense conduct in this litigation, which this Court has seen to be nothing but professional, ethical, and proper." Id., doc. no. 58.

In response, Fosu moved for the judge's recusal from the case and filed a judicial conduct complaint against the judge.[2] Id., doc. no. 59. The court denied the motion and stayed the case pending resolution of Fosu's judicial complaint. End. Or. Mar. 8, 2024. Defendants sought sanctions against Fosu, and

---

[2] The Judicial Council for the First Circuit concluded that Fosu's complaint against the judge was "baseless and not cognizable," stating:

> The misconduct complaint is without merit. There is no information in the record or the complaint suggesting that, in presiding over complainant's case, the judge was biased, deceptive, or dishonest, had a conflict of interest based on personal or professional relationships, political opinions, race, or any other reason, ignored complainant's filings, protected defense counsel, or was otherwise improperly motivated. Contrary to complainant's allegations, the record demonstrates that the judge entered reasoned orders, denied defendants' motion to dismiss on certain counts, and granted a number of complainant's motions. See supra pp. 3-4. Further, complainant's allegations that the judge engaged in ex parte communications with defense counsel or improperly assisted a disbarred attorney in regaining a law license are also unsupported.

In Re Complaint No. 01-24-90006, Judicial Council of the First Circuit (July 30, 2025) at *1 & *4. See https://www.ca1.uscourts.gov/sites/ca1/files/01-24-90006.O.pdf (last visited June 25, 2026).

Fosu also sought sanctions.[3]  Fosu again moved for the judge's recusal, and the sitting judge recused from the case.  Id., doc. no. 72.  After all judges in the District of Rhode Island recused, the case was reassigned to the undersigned judge, sitting by designation in the District of Rhode Island.  Id., doc. no. 80.

Fosu then filed this lawsuit against the URI defendants' legal counsel, Steven Richard; his law firm, Nixon Peabody LLP; and five individuals at Nixon Peabody.  His complaint is 58 pages long and includes 15 separate counts.  Doc. no. 1.  In support of his claims, Fosu alleges that "[u]pon entering his appearance as counsel for URI, Defendant Richard immediately embarked on a systematic campaign of fraud, deception, and obstruction of justice designed to corrupt the judicial process and deprive Plaintiff of his constitutional rights."  Doc. no. 1, at 10.

Fosu alleges that in the URI Case Nixon Peabody received discovery that showed he had appropriate communications with a department chair, that Richard concealed that information, and that Richard concealed that Fosu was sought after by "the Women's Department to develop a class."  He also alleges that

---

[3] Fosu also filed a 49-page complaint against URI's counsel, Steven Richard, with the Disciplinary Board of the Supreme Court of Rhode Island.  Doc. no. 1, ¶¶ 11 & 23.  The Board apparently dismissed the complaints.

Richard falsely stated to the court that Fosu was bound by FERPA restrictions.[4]  He alleges that "Richard deceptively implied that [Fosu] was a 'vexatious' litigant who violated the March 8, 2024 litigation moratorium."  Doc. no. 1, at 15. Fosu accuses Richard of using "Racist Dog Whistles" by "inviting the inference that a Black man, with a pristine soul, . . . who speaks hard truths is 'vexatious,' thereby perpetuating malicious stereotypes that dehumanize Black men in Rhode Island and other blue states as angry and dangerous."  Doc. no. 1, at 16.  Fosu alleges that Richard and the judge in the URI Case were friends that resulted in the judge ruling against him.[5]

Based on those allegations, Fosu alleges claims of fraud on the court (Count I), deliberate misrepresentation of fact (fraud) (Count II); deliberate misrepresentation of law (Count III); conspiracy with the judge in the URI Case to violate due process (Count IV); conspiracy to suborn perjury (Count V); conspiracy to commit fraud (Count VI); wire fraud (Count 7); abuse of process (Count 8); malicious prosecution (Count 9); violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count 10); conspiracy to interfere with civil

---

[4] FERPA stands for Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g.

[5] Fosu accuses the judge of bias and favoritism in another case, "the Persaud litigation," to support his claim here.  Doc. no. 1, at 17.

rights (Count II); obstruction of justice (Count 12); defamation (Count 13); violation of the Rhode Island Rules of Professional Conduct (Count 14); and intentional infliction of emotional distress (Count 15).  Fosu seeks a declaratory judgment that defendants violated his rights under the United States Constitution and the Rhode Island Constitution, injunctive relief, reinstatement to his position at URI, expungement of certain records in his file, and compensatory and punitive damages of $48,000,000.00. Although Fosu requested a hearing on the motion, these circumstances persuasively establish that a hearing would not be helpful in resolving the pending motion.

## Discussion

Defendants move to dismiss Fosu's federal claims and ask the court to decline supplemental jurisdiction over his state law claims.[6]  Alternatively, defendants move to dismiss the state law claims along with the federal claims.  Fosu filed a lengthy objection to defendants' motion to dismiss in which he primarily defended his claims in the URI Case and accused defense counsel

---

[6] Defendants filed the motion to dismiss on January 12, 2026.  Doc. no. 1.  When Fosu failed to respond within the fourteen days provided, LR Cv 7(a)(3), the court granted him an extension of the deadline to May 29, 2026.  Doc. no. 14.  Fosu then moved to extend the deadline for an additional 31 days, and the court reset the deadline for Fosu's response to June 12, 2026. Doc. no. 18.

8

and the previous judge in that case of misconduct. Fosu, however, did not address the viability of the specific claims he alleges in the complaint in this case.

### A.  Federal Claims

Fosu brings federal claims in Count VII (wire fraud), Count X (RICO), Counts IV (conspiracy to violate due process) and XI (conspiracy to violate civil rights), and Count XII (obstruction of justice).  In Count V, Fosu alleges that defendants conspired to suborn perjury in violation of 18 U.S.C. § 1622, but he acknowledges that there is no private cause of action under § 1622 and limits Count V to support for his RICO claim.

### 1.  Wire Fraud – Count VII

Fosu alleges that defendants committed wire fraud in violation of 18 U.S.C. § 1343 by filing documents in the URI Case and by "[c]oordinating the conspiracy through electronic communications."  Doc. no. 1, at 29. Section 1343, however, does not provide a private cause of action.  Yaghoobi v. Tufts Med. Ctr., Inc., 762 F. Supp. 3d 85, 94 (D. Mass. 2025).  Therefore, Count VII is dismissed.

9

2. <u>RICO – Count X</u>

Fosu alleges that the defendants violated the civil RICO statute, 18 U.S.C. § 1964(c).  "Section 1964(c) provides that '[a]ny person injured in his business or property by reason of a violation of [RICO] may sue.'"  <u>Med. Marijuana, Inc. v. Horn</u>, 604 U.S. 593, 600–01 (2025) (quoting § 1964(c) with emphasis removed).  "To state a civil RICO claim, a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity."  <u>Humana Inc. v. Biogen, Inc.</u>, 126 F.4th 94, 103 (1st Cir. 2025) (internal quotation marks omitted).

To satisfy the "pattern" requirement, a plaintiff must allege "at least two predicate acts of racketeering activity" as defined in 18 U.S.C. § 1961(1).  <u>Id.</u> (internal quotation marks omitted).  Pertinent to Fosu's allegations, 18 U.S.C. § 1961(1) defines "racketeering activity" to include mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, obstruction of justice under 18 U.S.C. § 1503, and witness tampering under 18 U.S.C. § 1512.

a.  <u>Mail and Wire Fraud</u>

"To state a claim for mail or wire fraud, [a plaintiff] must plead: (1) a scheme to defraud using false pretenses, (2) the defendant's knowing and willing participation in the scheme with the intent to defraud, and (3) the use of the mails [or

wires] in furtherance of that scheme." Humana, 126 F. 4th at 103. Both mail fraud and wire fraud must be pled with particularity, meaning that the plaintiff must allege "the 'who,' 'what,' 'where,' and 'when" giving rise to the fraud." Id. at 104. More specifically, the plaintiff must allege facts that "describe the time, place, and content of the communications." Id.

Fosu did not provide the required information to show defendants engaged in either mail or wire fraud. He alleges only that Richard mailed documents that Fosu characterizes as fabricated, containing misrepresentations of the law, and being based on concealed exculpatory evidence without identifying the documents or providing factual allegations about the actual content of the documents. To support wire fraud, Fosu alleges that Richard "filed multiple documents electronically" that were "false declarations and affidavits," "misleading memoranda," and "fraudulent motions to dismiss." Doc. no. 1, at 36. Again, Fosu did not identify the documents or allege facts to show that the content of the documents was fraudulent. "'It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial.'" Humana, 126 F.4th at 104. Therefore, Fosu does not allege sufficient factual support for a predicate act based on either mail or wire fraud.

11

b. Obstruction of Justice

The "omnibus clause" of 18 U.S.C. § 1503(a) "criminalizes anyone who '"corruptly ... influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice.'" United States v. Pullman, 139 F.4th 35, 51 (1st Cir 2025) (quoting § 1503(a)). The defendant must "specifically intend to obstruct the judicial proceeding in question." Id., at 52.

Fosu alleges in conclusory fashion that Richard obstructed justice by fabricating evidence, concealing exculpatory evidence, and colluding with the original judge in the URI Case. Fosu does not identify what documents or evidence was fabricated. He does not allege facts to show that Richard concealed exculpatory evidence and instead merely concludes that Richard "concealed" that the "Women's Department" at URI and others wanted him to develop a class. Doc. no. 1, at 14. He also provides no factual allegations to show that Richard colluded with the judge in the URI Case.

Instead, the record in the URI case demonstrates that Richard ably represented and continues to ably represent his clients against Fosu's claims. Providing legal services to oppose Fosu's claims neither amounts to obstruction of justice nor otherwise supports a RICO claim. See RSM Prod. Corp. v.

12

Freshfields Bruckhaus Deringer U.S. LLP, 682 F.3d 1043, 1051 & n.7 (D.C. Cir. 2012); Tristar Prods., Inc. v. Telebrands Corp., Whele LLC, 2025 WL 1111513, at *11 (N.D. Fl. Apr. 14, 2025); Alix v. McKinsey & Co., No. 18-cv-4141, 2023 WL 5344892, at *9 (S.D.N.Y. Aug. 18, 2023); Bogosian v. Rhode Island Airport Corp. (T.F. Green Airport), No. 17-cv-16S, 2017 WL 9324764, at *9 (D.R.I. May 3, 2017), report and recommendation adopted in part, No. 17-cv-016 S, 2017 WL 2954536 (D.R.I. July 11, 2017).  Fosu's disagreement with defendants' arguments in the URI Case does not sufficiently plead obstruction of justice.

### c.  Witness Tampering

Fosu alleges that Richard engaged in witness tampering by "[t]hreatening [Fosu] with vexatious litigant status" and "[u]sing judicial process to silence protected speech."  Doc. no. 1, at 36.  Fosu cites § 1512 generally, but the statute covers a multitude of conduct involving tampering with or intimidating a witness, a victim, an informant, and records related to an official proceeding.  Which particular provision Fosu may have intended to invoke is not discernable.

Further, Fosu failed to provide any factual allegations about what filings or communications he found threatening or what process silenced him. "Vague or conclusory allegations will not suffice to state a claim that is plausible on its face."

13

StandWithUs Ctr. for Legal Just. v. Mass. Inst. of Tech., 165 F.4th 97, 100 (1st Cir. 2026)(Dunlap, J. concurring); see also Lavigne v. Great Salt Bay Cmty. Sch. Bd., 146 F.4th 115, 123 (1st Cir. 2025), cert. denied sub nom. Lavigne v. Great Salt Bay Com. Sch., No. 25-759, 2026 WL 858415 (U.S. Mar. 30, 2026) (stating "assertions nominally cast in factual terms but so general and conclusory as to amount merely to an assertion that unspecified facts exist to conform to the legal blueprint are insufficient to state a cognizable claim" (internal quotation marks omitted)).  Therefore, Fosu has not alleged witness tampering as a predicate racketeering activity.

### d. Conspiracy to Suborn Perjury

In Count V, Fosu alleges as a predicate racketeering act for his RICO claim that defendants conspired to suborn perjury in violation of 18 U.S.C. § 1622 by "[c]oordinating with URI officials to present false testimony," "[k]nowingly filing declarations containing false statements, and "[p]resenting fabricated evidence to support false claims."  Doc. no. 1, at 27.  "Subornation of perjury consists of procuring or instigating another to commit the crime of perjury."  United States v. Heater, 63 F.3d 311, 320 (4th Cir. 1995).  "Subornation of perjury consists of three elements: (1) the suborner should have known or believed or have had good reason to believe that

14

the testimony given would be false; (2) should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity; and (3) have knowingly and willfully induced or procured the witness to give false testimony."  Alexander v. Parks, 834 F. App'x 778, 779 (4th Cir. 2020) (internal quotation marks omitted).

As in the other alleged predicate racketeering activity allegations, Fosu alleges no facts to show that defendants procured or instigated anyone to provide false testimony.  See StandWithUs, 165 F.4th at 100.  In the absence of factual allegations, Fosu does not allege predicate racketeering activity based on subornation of perjury.

In summary, Fosu has not alleged facts to show at least two (or any) predicate acts of racketeering activity necessary to satisfy the pattern requirement for a civil RICO claim. Therefore, he has not stated a RICO claim in Count X, which is dismissed.

> 3.   Conspiracy to Violate Due Process and Conspiracy to Violate Civil Rights – Counts IV and XI
>
> a. Due Process

Fosu alleges in Count IV that Richard and the presiding judge conspired to deprive Fosu of due process in the URI Case. He alleges that the judge was biased against him because of his

15

friendship with Richard, as demonstrated in his rulings.  In support, Fosu cites the statute pertaining to recusal, 28 U.S.C. § 455.

Section 455 does not provide a cause of action to support a civil claim.  Bennett v. LeBlanc, No. 21-cv-1972, 2022 WL 21737691, at *1 (M.D. Fla. Jan. 19, 2022); Holmes v. Lane, No. 21-cv-986, 2021 WL 5979579, at *2 (W.D. Tex. Dec. 17, 2021). Due process violations may be actionable under 42 U.S.C. § 1983, but Fosu does not allege claims against defendants under § 1983 nor does he allege facts that would support a § 1983 claim.[7] Therefore, Fosu does not state an actionable claim in Count IV.

### b. Civil Rights

In Count XI, Fosu cites 42 U.S.C. §§ 1985(2) and 1985(3) in support of his civil rights conspiracy claim.  "[T]he portion of § 1985(2) addressed to federal court proceedings  . . . prohibits conspiracies to deter 'by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein.'"  Traudt v. Lebanon Police Dep't, 775 F. Supp.

---

[7] And, importantly, nothing in the complaint suggests that the defendants (a private law firm and its employees) are or could be construed to be "state actors," as is required to bring a claim under § 1983. See 3137, LLC v. Town of Harwich, 126 F.4th 1, 9 (1st Cir. 2025).

3d 633, 637 (D.N.H. 2025) (quoting § 1985(2)). "[T]o state a

claim under § 1985(3), a plaintiff must plausibly allege:

> (1) a conspiracy, (2) a conspiratorial purpose to
> deprive a class of persons, directly or indirectly, of
> the equal protection of the laws or of equal
> privileges and immunities under the laws, (3) an overt
> act in furtherance of the conspiracy, and (4) either
> (a) an injury to person or property, or (b) a
> deprivation of a constitutionally protected right or
> privilege.

Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of

Tech., 158 F.4th 1, 24 (1st Cir. 2025) (quoting Aulson v.

Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

In support of both claims, Fosu provides only conclusory

statements.  He alleges generally that Richard and URI officials

agreed to obtain rulings in their favor by using false and

misleading filings, that Richard filed misleading affidavits and

memoranda and misused FERPA to suppress evidence, that he

attempted to influence the judge through the filings, and that

his actions caused Fosu "litigation prejudice."  Doc. no. 1, at

39.  Fosu's general conclusory statements do not show that

defendants conspired to deter him from attending or testifying

in the URI Case or conspired to deprive him of equal protection

of the laws.  Instead, the record in the URI Case reveals a

judge and counsel properly responding to Fosu's filings.  That

Fosu's own conduct eventually provoked the judge's recusal and

17

reassignment of the URI Case to the undersigned judge does not support Fosu's civil rights claim.

Therefore, Fosu has not alleged a civil rights conspiracy under § 1985(2) or § 1985(3).

### 4. Obstruction of Justice – Count XII

Fosu alleges a claim under 18 U.S.C. § 1503 for obstruction of justice but acknowledges that no private right of action exists under § 1503. See Yaghoobi, 762 F. Supp. 3d at 94. He argues instead that Count XII provides predicate acts for his RICO claim and supports his state tort claims.  Section 1503

> is structured as follows: first it proscribes persons from endeavoring to influence, intimidate, or impede grand or petit jurors or court officers in the discharge of their duties; it then prohibits injuring grand or petit jurors in their person or property because of any verdict or indictment rendered by them; it then prohibits injury of any court officer, commissioner, or similar officer on account of the performance of his official duties; finally, the "Omnibus Clause" serves as a catchall, prohibiting persons from endeavoring to influence, obstruct, or impede the due administration of justice.

United States v. Aguilar, 515 U.S. 593, 598 (1995).

Fosu raised obstruction of justice under 18 U.S.C. § 1512 as a predicate racketeering activity in his RICO claim.  Count XII adds nothing to that analysis.  Fosu again relies on conclusory statements about misconduct and does not allege any

18

facts tending to show that any defendant engaged in any obstruction of justice in the URI Case.

Fosu's federal claims are dismissed for failure to state a claim on which relief may be granted.

B.   State Law Claims

Fosu alleges state law claims, including several varieties of fraud, violation of the rules of professional conduct, and intentional infliction of emotional distress.  Fosu's federal claims are dismissed.  Subject matter jurisdiction under 28 U.S.C. § 1331 requires a federal claim.  There is no cognizable federal claim, and the court declines to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(c)(3).

C.   Amendment

Fosu asks in his objection for leave to amend, but he did not file a motion to amend or a proposed amended complaint.  See LR Cv 7; LR Cv 15.

Based on the nature of Fosu's allegations, his filings in response to defendants' motion to dismiss, his litigation history, the alleged circumstances that gave rise to his claims, and the absence of any suggestion that he might able, in good faith and consistently with Federal Rule of Civil Procedure 11, cure the noted failures, leave to amend the complaint would be

19

futile and is denied for that reason.  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (affirming denial of motion to amend pro se complaint when such amendment would be futile); Reinhardt v. Hopps, 590 F. App'x 755, 760 (10th Cir. 2014) (affirming denial of motion to amend where pro se plaintiff did not state with specificity what allegations or claims she would amend); Floyd v. Fla. Dep't of Agric., Consumer Serv. Div. of Licensing, No. 25-CV-23946, 2025 WL 4033355, at *4 (S.D. Fla. Dec. 10, 2025), report and recommendation adopted, No. 1:25-CV-23946, 2025 WL 3771262 (S.D. Fla. Dec. 31, 2025) (dismissing without leave to amend where pro se complaint was meritless and plaintiff had history of abusive litigation practices); White v. AT&T, No. 23-CV-04308, 2023 WL 8821311, at *3 (N.D. Ga. Oct. 25, 2023), report and recommendation adopted, No. 23-CV-04308, 2024 WL 3843018 (N.D. Ga. July 11, 2024) (denying pro se plaintiff leave to amend before dismissal because of incomprehensible allegations and potential for abuse).

## Conclusion

For these reasons, the defendants' motion to dismiss (doc. no. 5) is granted as to the federal claims.  The remaining claims are dismissed for lack of subject matter jurisdiction.

The clerk of court shall enter judgment accordingly and close the case.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge
Sitting by Designation


June 25, 2026

cc:  Louis Kwame Fosu, pro se
     Counsel of Record