UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


Louis Kwame Fosu

    v.                              Case No. 25-cv-691-SJM-TLSM

Steven Richard, et al.


O R D E R

Louis Kwame Fosu, representing himself, seeks to alter or amend the judgment entered in this case after his federal claims were dismissed and the court declined to exercise supplemental jurisdiction over his state law claims. Doc. nos. 25 & 26. In an 89-page motion with 298 pages of exhibits, Fosu asks the court to vacate the dismissal of his claims, arguing that the court did not consider his reply in support of his motion for leave to file a surreply to defendants' reply to his objection to the motion to dismiss (doc. no. 24), failed to understand the relationships among his federal claims, failed to consider his defamation claim, did not allow him to move to amend, and did not expressly state that dismissal of the state law claims was without prejudice. Doc. no. 27.

Contrary to Fosu's representations in this motion, the court considered his reply in support of his motion for leave to file a surreply (doc. no. 24) for its appropriate limited purpose, and the surreply (doc. no. 23) was also considered.

See Doc. no. 25, at 2 n.1.  The court also considered Fosu's argument that the allegations in support of his federal claims that did not state causes of action should be considered for purposes of his other federal claims.  See id. at 9 & 18.  As explained in the order, those allegations did not provide support for other federal claims.  The court did not consider any state law claim on the merits, including the defamation claim, due to declining supplemental jurisdiction.  The state law claims were dismissed for lack of subject matter jurisdiction, which is without prejudice.  See Torres-Fuentes v. Motorambar, Inc., 396 F.3d 474, 475 (1st Cir. 2005).

Fosu could have filed an amended complaint within 21 days after defendants moved to dismiss.  Fed. R. Civ. P. 15(a)(1)(B).  He did not.[1]  Instead, he filed an objection to the motion to dismiss and included a request to amend, as a fallback position, in the event the motion to dismiss was granted.  He did not file a separate motion and did not file a "complete and signed copy of the proposed amended pleading."  DRI LR Cv 15.  Nevertheless, the court considered his request and concluded that leave to amend would be futile.  Doc. no. 25, at 19-20.  Fosu's current

---

[1] Although Fosu now argues that his motion to file a surreply was a motion to amend, he is wrong.  He simply included a request to amend in a list of remedies that were improperly included in that motion.  That mention of amendment is insufficient to move to amend.  DRI LR Cv 15.

untimely and insufficient attempt to seek leave to amend his complaint as part of a motion to amend judgment does not change that result.[2]

Conclusion

For these reasons, plaintiff's motion to alter or amend judgment (doc. no. 27) is denied except that the court clarifies that the state law claims are dismissed for lack of subject matter jurisdiction, without prejudice.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge
Sitting by Designation

August 10, 2026

cc:  Louis Kwame Fosu, pro se
     Counsel of Record

---

[2] Although Fosu argued what he would and would not allege in an amended complaint in his motion to alter or amend judgment, he again did not file a proposed amended complaint and instead merely appended a copy of the original complaint that has been dismissed.  The court recognizes that Fosu is representing himself but also notes that, unlike most pro se parties, Fosu has a law degree.